## J. R. BISLAND *v.* T. M. GRIFFIN.

Some of the heirs of M. brought suit against the others for a partition, and prayed that the court would allow certain charges and expenses which had been incurred in the administration; among other items, one of $2000 in favor of G. S. S. Judgment having been rendered for this sum, one of the heirs, T. M. G., the present defendant, appealed. The Supreme Court reduced the judgment to $1000. Pending the appeal, the judgment was assigned to the present plaintiff, who sued T. M. G. for $2000, to which he pleaded the judgment against him for $1000 as *res judicata*. The plaintiff responded that the judgment was rendered in a cause to which G. S. S. was no party. Plea of *res judicata* sustained—and *Held:* The assignee of a litigious right, cannot claim to be a stranger to the suit pending. A defendant in whose favor such suit shall be decided, after the assignment, cannot be forced to litigate the matter over again with plaintiff's assignee.

APPEAL from the District Court of the Parish of Tensas, *Perkins.* J. In the suit for partition among the heirs, the plaintiffs pray—"That in the judgment for a partition, the following expenses only be allowed, which have been necessarily incurred by the former curators and distributed equally among the said heirs according to their proper proportion of the estate: One thousand dollars to *John Frost*, as attorney fee; one thousand dollars to *General Thomas*, as paid; two thousand, to *George S. Sawyer*, by written contract, not paid."

*George S. Sawyer*, for plaintiff and appellant. *Stacy & Sparrow*, for defendant.

BUCHANAN, J. This case comes up upon a plea of *res judicata.*

Plaintiff claims of defendant one thousand dollars, as a balance unpaid upon a certain conditional obligation in writing, for the payment of two thousand dollars, made by defendant in favor of *George S. Sawyer*, which obligation has been assigned to plaintiff.

Defendant pleads in bar of this action, a judgment of the Supreme Court, by which the obligation in question was reduced to one thousand dollars; and avers that said judgment was acquiesced in, and executed by the plaintiff's assignor, *Sawyer.*

The District Court sustained the exception of *res judicata*, and plaintiff appeals.

His counsel urges that the judgment pleaded by defendant, was rendered in a cause to which *George S. Sawyer*, was not a party.

The suit in which that judgment was rendered, was entitled, "*John Crow, Guardian, et. al.* v. *The Representatives of Elizabeth Griffin.*" *George S. Saw-*

BISLAND,
*v.*
GRIFFIN.

*yer* was attorney of plaintiffs in that suit, and signed the petition as such. *Thomas M. Griffin* was one of the defendants. The objects of the suit, as expressed in the petition, were multifarious; but one of them was, very clearly, to establish the obligation of the defendant above mentioned, as a valid claim against the defendant and the other heirs of *Samuel Miller*, for its full amount. The plaintiffs in the suit were themselves, or pretended to be, as well as defendants, heirs of *Samuel Miller*, and therefore this portion of their demand was clearly intended for the benefit of Mr. *Sawyer*. The answer of *Thomas M. Griffin* in that suit, specially denied the claim of *George S. Sawyer* to be paid $2000, as demanded, and concluded by a prayer that the demand of *Sawyer* be rejected, or reduced to five hundred dollars. The judgment of the District Court embraced all the various issues contained in the pleadings, and among them that concerning the claim of Mr. *Sawyer*, which it allowed in full as a valid claim against the estate of *Miller*. From that portion of the judgment, the defendant, *Thomas M. Griffin*, appealed, and filed his bond of appeal in favor of *George S. Sawyer*, and of no other person or party. The appeal came on for hearing between those parties, *Griffin*, appellant, and *Sawyer*, appellee, in the Supreme Court, which rendered the judgment pleaded by defendant herein—reversing the judgment of the District Court; and decreeing "that there be judgment in favor of the intervenor and appellee, *George Sawyer*, for the sum of one thousand dollars, with the costs of the District Court; those of the appeal to be paid by him.

We are of opinion that this judgment constitutes *res judicata* as to *Sawyer*, and as to his assignee *Bisland*.

The argument of plaintiffs' counsel, that Mr. *Sawyer* had no connection with the suit of *Crow, Guardian, et al.* v. *The Representatives of Elizabeth Griffin*, is certainly incorrect as regards at least the proceedings upon the appeal already spoken of. The Supreme Court was strictly correct in treating him as the party appellee; and its judgment was final upon his claim.

As to the present plaintiff, his petition alleges that Mr. *Sawyer's* claim was assigned to him on the 1st March, 1850. This was after the judgment of the District Court in the case of *Crow* v. *Griffin's Representatives*, (March 20, 1849,) and pending the appeal from that judgment—that of the Supreme Court being dated January 6th, 1851. But *Sawyer* could not transfer more right than he himself had. *Leftwich* v. *Brown*, 4th Ann. 104.

It is a corollary from this principle, that the assignee of a litigious right, cannot claim to be a stranger to the suit pending. A defendant, in whose favor such suit shall be decided, after the assignment, cannot be forced to litigate the matter over again with plaintiffs' assignee. If he could, there would be no end of litigation.

There are other facts in the record, which amount to a voluntary execution of the judgment of the Supreme Court by Mr. *Sawyer* and by his assignee, the plaintiff.

The final decision of the case of *Crow, Guardian, et al.* v. *Representatives of Griffin*, was followed by a partition of the estate of *Samuel Miller* among his heirs, made on the 16th December, 1851, by the Recorder of Tensas parish, under the order of the District Court. *George S. Sawyer*, assisted at this partition, as representing several of the heirs. The *proces verbal* of partition shows the active mass of the succession to be composed of eight notes, amounting in principal and interest to $29,900. The first of these notes is credited

BISLAND,
v.
GRIFFIN.

with "two payments of $1000 each, made by *James R. Bisland*, one being for the fee of *Isaac Thomas*, and the other being for the fee of *George S. Sawyer*, in the suit of *Cole* v. *Lucas*."

And again:—"Deducted and to be retained by the curator to pay charges and expenses yet unsettled, as per judgment of the District Court, $4733 33

Less $1000, paid by *J. R. Bisland* to *G. S. Sawyer*,   -   -   1000 00
                                                                    ―――――――
                                                                    $3733 33."

Now one of the items of charges thus referred to as making up this total of $4733 33, is stated as follows in the account of the curator; "Due *George S. Sawyer* for professional services rendered accountant in the suit of *Cole* v. *Lucas*, as per judgment of the Supreme Court, one thousand dollars."

This partition was made, as already observed, on the 16th December, 1851. Yet eight months afterwards, the litigation thus apparently closed by a solemn authentic act, is revived by the institution of the present action.

Judgment affirmed, with costs.